Mark L. COMPTON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26708.

Missouri Court of Appeals, Southern District, Division One.

Oct. 5, 2005.

---

William J. Swift, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Mark Compton ("Movant") appeals the denial of his Rule 24.035[1] motion following an evidentiary hearing on the matter. Movant was charged by information with tampering in the first degree, a violation of section 569.080, and resisting arrest, a violation of section 575.150;[2] he pled guilty to both charges. He claims the pleas were not knowingly, intelligently, and voluntarily made because his counsel failed to inves-

tigate his history of mental illness, which would have provided the defense that he was not guilty by reason of mental disease or defect. The trial court denied Movant's claim on the basis that Movant would not have had a viable defense of mental disease or defect because he voluntarily consumed alcohol prior to the offenses, the voluntary use of alcohol is not a defense in Missouri, and Movant knew at the time of the offense his actions were wrong. We agree and affirm the judgment of the trial court.

Movant stole a vehicle that belonged to a correctional officer and was parked in front of the Taney County Sheriff's Department on October 28, 2002; when pursued by officers he sped away, forcing vehicles into the shoulder to avoid head-on collisions when he crossed traffic in the wrong lane. He continued to speed, failed to stop for a solid red traffic light, and then skidded into a ditch on the wrong side of the roadway. Movant did not voluntarily exit the vehicle, but spun the tires and roared the engine. Movant's eyes were watery, bloodshot, and glassy, he smelled of alcohol, and he had poor balance; a subsequent blood alcohol test showed he had a blood alcohol content (BAC) of .163%.

When arrested, Movant claimed he did not want to get wet because of the rain and he was refused a ride home by anyone at the sheriff's department. Specifically, he stated:

Tell the car I almost hit, the one that honked his horn when I was in his lane, I'm really sorry. I'm stupid, I shouldn't have done it. If you f--- would have given me a ride home I wouldn't have taken the car. I'm really sorry, I shouldn't have done it. I drank too

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

much, I drank a quart of Vodka! If I damaged the car, tell the guy I'll pay for all damages.

Movant now claims that had his counsel sufficiently investigated his previously diagnosed condition of bipolar disorder, she would have advised him that he had a defense, supportable by substantial evidence, that he was not guilty by reason of mental disease. He argues that this disorder triggered aggression in him because he had been harassed by correctional officers in the jail immediately prior to taking the van. In fact, he claims that he decided to tear up the van in anger over the officers' treatment of him.

■ The impulsiveness, which Movant claims caused the incident, and his subsequent arrest do not provide a basis for a defense under section 552.030.1. Section 552.030.1 provides that a person can only be found not guilty by reason of mental disease or defect if the person was incapable of knowing and appreciating the nature, quality, or wrongfulness of his conduct. Movant does not argue, nor did he show at trial, that he did not understand the nature, quality, or wrongfulness of his conduct at the time of the offense. His statements to the police officers indicate that he knew taking the patrol car was wrong; his statements at the hearing indicate that he took the van in anger to get back at the officers for their supposed mistreatment of him. Neither of those reasons provide a defense that he was not guilty by reason of mental disease or defect. Even assuming Movant's claim that he has a bipolar disorder is true, he fails to provide any evidence that the disorder causes him to be incapable of knowing and appreciating the nature, quality, or wrongfulness of his conduct.

■ Furthermore, Movant admits that he was voluntarily intoxicated and that he probably would not have committed the crime had he not been so. Section 562.076.3 provides that evidence of voluntary intoxication is not admissible to negate the mental state of an offense. *State v. Goodwin*, 43 S.W.3d 805, 816 (Mo. banc 2001). Voluntary intoxication cannot provide an insanity defense absent a separate mental disease that results in diminished capacity without the voluntarily ingested drugs. *State v. Rhodes*, 988 S.W.2d 521, 526 (Mo. banc 1999). It is clear that Missouri law provides that a person is criminally liable if the state proves all the necessary elements of the crime beyond a reasonable doubt despite the intoxication; in effect, Missouri has defined all its criminal offenses so as to render voluntary intoxication legally irrelevant. *Mouse v. State*, 90 S.W.3d 145, 149 (Mo.App. S.D. 2002).

■ Movant's trial counsel was not ineffective for failing to investigate a defense that had no merit. Before counsel will be faulted for failing to investigate, a movant must show that the evidence at issue would be material and admissible to establish a reasonable doubt as to defendant's guilt. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991); *see also State v. Middleton*, 854 S.W.2d 504, 517 (Mo.App. W.D.1993). He did not. The judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.